Michael Kind, Esq.
NV Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Phone: (800) 400-6808 x7
mkind@kazlg.com
*Attorneys for Plaintiff Ronald Lemoine*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Ronald Lemoine,<br><br>    Plaintiff,<br>v.<br><br>Transworld Systems Inc.,<br><br>    Defendant. | Case No: 2:17-cv-01956<br><br>**Complaint for Damages Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* and Fair Debt Collection Practices Act 15 U.S.C § 1692, *et seq.***<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1. Ronald Lemoine ("Plaintiff"), by and through Plaintiff's counsel, brings this suit to challenge the actions of Transworld Systems Inc. ("Defendant") with regard to Defendant's unauthorized and unlawful credit inquiry, and Defendant's attempts to unlawfully and abusively collect a debt allegedly owed by Plaintiff.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.

8. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

9. Venue is proper pursuant to 28 U.S.C. §1391 because all the conduct giving rise to this Complaint occurred in Nevada.

10. Defendant is subject to personal jurisdiction in Nevada as it conducts business in Nevada and is listed with the Nevada Secretary of State as a Foreign Corporation doing business in Nevada.

## PARTIES

11. Plaintiff is a natural person who resides in Clark County, Nevada.

12. Plaintiff is a natural person whose credit report was affected by an unauthorized inquiry. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

13. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer as defined by 15 U.S.C. §1692a(3).

14. Defendant is a corporation doing business in the State of Nevada.

15. Upon information and belief, Defendant's website is https://www.tsico.com/.

16. According to Defendant's website, Defendant is a "national debt collecting company."

17. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

18. Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as defined by 15 U.S.C. §1681a(d)(1).

19. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

**FACTUAL ALLEGATIONS RELATING TO VIOLATIONS OF THE FCRA**

20. Plaintiff has never had a relationship of any kind with Defendant.

21. Plaintiff has never conducted any business, nor incurred any financial obligations, with Defendant.

22. Upon Plaintiff's review of his Trans Union credit report dated February 15, 2017, Plaintiff discovered that on or about June 23, 2016, Defendant submitted an unauthorized credit report inquiry to Trans Union, a consumer reporting agency.

23. The credit report states that Defendant pulled Plaintiff's credit report for an account review.

24. 15 U.S.C. §1681b delineates the only permissible uses of, or access to, consumer reports.

25. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent and when Defendant had no account relationship with

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

1   Plaintiff, falls outside the scope of any permissible use or access included in
2   15 U.S.C. §1681b.

3   26.   On June 23, 2016, Defendant had no legitimate business need for the
4   Plaintiff's consumer report information, thereby falling outside the scope of
5   15 U.S.C. §1681b. Therefore, Defendant violated 15 U.S.C. §1681b.

6   27.   Defendant's actions were willful under 15 U.S.C. §1681n because Defendant
7   was aware of the FCRA's prohibitions on impermissibly pulling consumers'
8   credit reports. *See Doe v. Sentech Employment Services, Inc.*, 186 F.Supp.3d
9   732, 740 (E.D. Mich. May 16, 2016)(*citing Singleton v. Domino's Pizza, LLC*,
10   2012 WL 245965, *4 (D.Md. Jan. 25, 2012)("[A]ssertions that a defendant is
11   aware of the FCRA, but failed to comply with its requirements, are sufficient
12   to support an allegation of willfulness and to avoid dismissal.").

13   28.   Plaintiff suffered an invasion of his legally protect right to privacy when
14   Defendant unlawful accessed Plaintiff's confidential information on his credit
15   report. The FCRA, through 15 U.S.C. §1681b, protects consumers like
16   Plaintiff from this precise behavior.

17   29.   Plaintiff has a common law right to keep his personal credit information
18   private. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4
19   Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right
20   by enacting the FCRA. Indeed, the common law tort of intrusion upon
21   seclusion is preempted by the FCRA, and the FCRA expressly provides that
22   Congress made the following finding: "There is a need to insure that
23   consumer reporting agencies exercise their grave responsibilities with
24   fairness, impartiality and a respect for the consumer's right to privacy." 15
25   U.S.C. §1681a(4).

26   30.   Further, Defendant increased the risk that Plaintiff will be injured if there is a
27   data breach on Defendant's computer systems by acquiring additional highly
28   sensitive information about Plaintiff and saving that information onto its

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

1   computer system. Data breaches are increasingly common (*see*, *e.g.*, Kerbs,

2   *Data Breaches*, *available at* http://krebsonsecurity.com/category/data-

3   breaches/), and financial institutions like Defendant are frequent targets of

4   cybercriminals (*see*, *e.g.*, Association of Certified Financial Crime Specialists,

5   *The Top 8 Largest Date Breaches in the Financial Services Industry*,

6   *available at* http://www.acfcs.org/the-top-8-largest-data-breaches-in-the-

7   financial-services-industry/).

8   31.   When Plaintiff realized Defendant impermissibly pulled Plaintiff's report,

9        Plaintiff felt that his privacy had been invaded upon and that his confidential

10       information had been disclosed to Defendant, who had no right to the

11       information.

12  32.   The injury suffered by Plaintiff is concrete because Defendant's violation of

13       15 U.S.C. §1681b caused Plaintiff to suffer an invasion of privacy. In enacting

14       15 U.S.C. §1681b, Congress specifically sought to protect consumers from

15       invasions of privacy and created restrictions on access to consumers' sensitive

16       financial information in their credit reports.

17       **FACTUAL ALLEGATIONS RELATING TO VIOLATIONS OF THE FDCPA**

18  33.   Sometime prior to 2017, Plaintiff's son incurred financial obligations to the

19       Defendant in the amount of $783.00 (the "Debt").

20  34.   The Debt was incurred primarily for personal, family, or household purposes

21       and is therefore a "debt" as defined by 15 U.S.C. §1692a(5).

22  35.   Plaintiff has never had any association with, nor obligation to pay, the Debt,

23       as it was not a debt incurred by Plaintiff.

24  36.   Upon Plaintiff's review of his Equifax credit report dated February 16, 2017,

25       Plaintiff discovered that in or about January 2017, Defendant erroneously

26       reported the Debt as a collection account on Plaintiff's Equifax credit report.

27  37.   Defendant made false representations as to the character (being owed by

28       Plaintiff) and legal status (being a collection account of Plaintiff's) of the

1    Debt since Plaintiff has never been associated with, nor obligated to pay, the

2    Debt. Therefore, Defendant violated 15 U.S.C. §1692e(2)(A).

3    38.   Defendant also violated Defendant violated 15 U.S.C. §1692e(8) when it

4          communicated credit information which Defendant should be known to be

5          false.

6    39.   Additionally, the false representations stated above were means by which

7          Defendant attempted to collect the Debt and obtain information concerning

8          Plaintiff. Therefore, Defendant violated 15 U.S.C. §1692e(10).

9    40.   Further, Defendant used unfair and unconscionable means to attempt to

10         collect the Debt by attempting to collect an amount to which it was not

11         authorized to collect form Plaintiff. Therefore, Defendant violated 15 U.S.C.

12         §1692f(1).

### FIRST CAUSE OF ACTION
### THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681 *et seq.* (FCRA)

15   41.   Plaintiff repeats, re-alleges, and incorporates by reference all above

16         paragraphs.

17   42.   The foregoing acts and omissions constitute numerous and multiple violations

18         of the FCRA.

19   43.   As a result of each and every negligent violation of the FCRA, Plaintiff is

20         entitled to actual damages, pursuant to 15 U.S.C. §1681o(a)(1); and

21         reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2),

22         from Defendant.

23   44.   As a result of each and every willful violation of the FCRA, Plaintiff is

24         entitled to actual damages or damages of not less than $100 and not more than

25         $1,000 and such amount as the court may allowed for all other class members,

26         pursuant to 15 U.S.C. §1681n(a)(1)(A); punitive damages as the court may

27         allow, pursuant to 15 U.S.C. §1681n(a)(2); and reasonable attorney's fees and

28         costs pursuant to 15 U.S.C. §1681n(a)(3) from Defendant.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

**SECOND CAUSE OF ACTION**
**THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 *et seq.* (FDCPA)**

45. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

46. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692, *et seq*.

47. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court to grant Plaintiff the following relief against Defendant:

- an award of actual damages pursuant to 15 U.S.C. §1681o(a)(1) and §1692k(a)(1);
- an award of statutory damages of not less than $100 and not more than $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1);
- an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1681n(a)(3), §1681o(a)(2), and §1692k(a)(3); and
- any other relief the Court deems just and proper.

///
///
///
///

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

1

**TRIAL BY JURY**

2    48.    Pursuant to the Seventh Amendment to the Constitution of the United States

3          of America, Plaintiff is entitled to, and demands, a trial by jury

4

5    DATED this 19th day of July 2017.

6                                         Respectfully submitted,

7

8                                         **KAZEROUNI LAW GROUP, APC**

9                                         By:  /s/ Michael Kind
10                                              Michael Kind, Esq.
                                                6069 S Fort Apache Rd, Suite 100
11                                              Las Vegas, Nevada 89148
                                                *Attorneys for Plaintiff*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148